UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANGELO D.,

    *Plaintiff*,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    *Defendant*.
_____/

Case No. 1:24-cv-10428

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING PLAINTIFF COUNSEL'S MOTION FOR RELIEF FROM LOCAL RULE 83.20(f) REQUIRING DESIGNATION OF LOCAL COUNSEL (ECF No. 3)

Plaintiff Deangelo D. seeks judicial review of the final decision of the Defendant Commissioner holding that Plaintiff is not entitled to a period of disability and disability insurance benefits. On February 21, 2024, Plaintiff's counsel moved for relief from local rule 83.20(f) requiring designation of local counsel. (ECF No. 3).

District courts have the authority to issue local rules governing the admission of counsel. 28 U.S.C. § 1654; *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83 (permitting district courts to adopt local rules); *Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (noting that a district court's "authority includes the regulation of admissions to its own bar"). Under our rules, to practice in this District a lawyer must be admitted to the District's bar. E.D. Mich. LR 83.20(i). We require certain out-of-

state members to associate with local counsel: "[a] member of the bar of this court who appears as attorney of record in the district court and is not an active member of the State Bar of Michigan must specify as local counsel a member of the bar of this court with an office in the district." E.D. Mich. LR 83.20(f)(1). But, "[o]n application, the court may relieve an attorney who is not an active member of the State Bar of Michigan of the obligation to specify local counsel." E.D. Mich. LR 83.20(f)(1).

The local-counsel requirement in Rule 83.20(f) serves several important purposes:

> Physical proximity and accessibility for case preparation events (e.g., depositions) is one; ready availability to the court for conference or hearings is another, familiarity with the Local Rules and the local legal culture is another. The ability of the court to easily monitor and govern the behavior of its attorneys is not unimportant.

*Belle v. Sunbeam Prods., Inc.*, No. 09-CV-13902, 2009 WL 3757059 at *1 (E.D. Mich. Nov. 9, 2009); *see also Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042, 2007 WL 1452909, at *2 (E.D. Mich. May 15, 2007) (noting the importance of "the ability of the court to govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar"). Courts in this district have required strict compliance to the rule. *See, e.g.*, *Crowley v. Liberty Life Assur. Co. of Boston*, No. 14-cv-11280, 2014 WL 2999288, at *5 (E.D. Mich. July 3, 2014) ("This Court requires strict compliance with E.D.

2

Mich. L.R. 83.20(f)."); *Wysocki v. Colvin*, No. 16-11753, 2016 WL 9212017, at *1 (E.D. Mich. May 27, 2016) ("The strict adherence to requiring local counsel is routinely applied in Social Security cases.").

Plaintiff's Counsel is not a member of the State Bar of Michigan, and he asks the Court to excuse him from associating with local counsel. (ECF No. 3, PageID.12–14). In essence, Counsel requests relief from Rule 83.20(f) for two reasons. First, he argues that social security appeals implicate few of the policies underlying Rule 83.20(f). For example, he notes that unlike other civil litigation, social security disability appeals seldom require court appearances as they are usually decided on the administrative transcript and the parties' summary judgment motions. (*Id.* at PageID.15). On the rare occasion that a hearing is warranted, "most courts will schedule such appearances by telephone or video." (*Id.*) Further, in social security appeals, "everything is done electronically," so having "a local office for service of process is unnecessary." (*Id.*)

All true. And the Court has no reason to doubt that Counsel is "familiar with" this Court's local rues and capable of researching and applying Sixth Circuit precedent. (*Id.* at PageID.16). But the most "important aim of" Rule 83.20(f) is to enable the Court to effectively "govern the behavior of its attorneys, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar." *Wysocki*, 2016 WL 9212017, at *1 (internal quotation marks omitted)

(quoting *Keck v. Graham Hotel Sys., Inc.*, No. 07-CV-11042-DT, 2007 WL 1452909, at *2 (E.D. Mich. May 15, 2007)).  For that reason, courts in this District have required "strict adherence" to Rule 83.20(f), even "in Social Security cases." *Id.* (collecting cases).

Second, Counsel argues that securing local counsel would be a near-impossible task because his firm is one of only a handful of firms who specialize in the "niche practice area" of federal social security appeals.  (ECF No. 13–14).  In Counsel's "experience, very few attorneys anywhere across the nation are willing to accept these cases."  (*Id.*)  But Counsel does not claim to have made any efforts to secure local counsel.  (*Id.*)  And the State Bar of Michigan's website lists over three-hundred and fifty lawyers in the State Bar's "Social Security Lawyers Section."[1]  Although some of these lawyers may limit their practice to work at the administrative level, Counsel fails to persuade the Court that he cannot find a local attorney willing to appear as co-counsel.

For these reasons, Counsel's Motion for Relief from Local Rule 83.20 Requiring Designation of Local Counsel (ECF No. 3) is **DENIED**, and local counsel must file an appearance by **April 5, 2024**.

---

[1] *Social Security Lawyers Section*, State Bar of Michigan, https://connect.michbar.org/socsecurity/communityresources/sectiondirectory/findachaptermember? (last visited Feb. 2, 2023).

4

Date:  February 27, 2024                    S/ PATRICIA T. MORRIS
                                            Patricia T. Morris
                                            United States Magistrate Judge