UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEANGELO D.,

    *Plaintiff,*

v.

COMMISSIONER OF SOCIAL
SECURITY,

    *Defendant.*
_____/

Case No. 1:24-cv-10428

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 7)

Plaintiff Deangelo D. seeks judicial review of the final decision of the Defendant Commissioner holding that Plaintiff is not entitled to a period of disability and disability insurance benefits. (ECF No. 1). On February 21, 2024, Plaintiff's Counsel ("Counsel") filed a motion for relief from Local Rule 83.20(f) requiring designation of local counsel. (ECF No. 3). The Court denied Plaintiff's motion. (ECF No. 5). Plaintiff then filed this Motion for Reconsideration. (ECF No. 7).

Under Local Rule 7.1(h)(2), a party must move for reconsideration within 14 days from entry of an order. E.D. Mich. LR 7.1(h)(2). Also, under the Local Rule 7.1(h)(2), the Court will grant a motion for reconsideration only if the movant shows (1) the court made a mistake, correcting said mistake would change the outcome of

1

the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (2) an intervening change in controlling law warrants a different outcome; or (3) new facts warrant a different outcome, and the new facts could not have been discovered with reasonable diligence before the prior decision. *Id.*

To succeed on a motion for reconsideration, the movant "must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 236–37 (6th Cir. 2020) (citation omitted). Moreover, "[a] motion for reconsideration is not intended as a means" for a party to rehash arguments that the Court has rejected. *Saltmarshall v. VHS Children's Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019)

As an initial matter, Counsel's motion for reconsideration is untimely. (ECF No. 7). The Court issued its order on February 27, 2024, and Counsel moved for reconsideration on March 26, 2024, two weeks after the deadline to file the motion. E.D. Mich. LR 7.1(h)(1). Despite this, the Court will address the merits of Counsel's motion.

For the most part, Counsel's motion for reconsideration is nothing more than a regurgitation of his initial motion for relief from Local Rule 83.20. Counsel only

raises four new additional points which the Undersigned will address, when appropriate, below.

First, Counsel's representation that the Undersigned should follow her precedent and approve his motion for relief from Local Rule 83.20 as she did in *Dawnyetta S. v. Comm'r of Soc. Sec.* is substantively flawed as that matter was not before the Undersigned. (ECF No. 7, PageID.30). Second, Counsel refers to a "motion for legal fees" in the argument section but based on the title and substance of the motion at issue, it appears this motion was accidentally included and thus the Undersigned will not address this. (*Id.*).

Third, the Undersigned's February 27 Order does not challenge Counsel's credentials, expertise, or ability to litigate the instant social security matter. (ECF No. 5, PageID.24). So the inclusion of the paragraphs outlining Counsel's involvement in the National Organization of Society Security Claimants' Representatives and the National Association of Disability Representatives is unnecessary, and frankly overlooks the important policy behind Local Rule 83.20 as highlighted in the Court's February 27 Order. (ECF No. 7, PageID.32). "'[T]he most important aim of' Rule 83.20(f) is to enable the Court to effectively 'govern the behavior of its attorney, including the ability to meaningfully refer a misbehaving attorney to the grievance procedures of the State Bar." (*Id.*) (citing *Wysocki v. Colvin*, No. 16-11753, 2016 WL 9212017, at *1 (E.D. Mich. May 27, 2016) (internal

3

quotation marks omitted) (quoting *Keck v. Graham Hotel Sys., Inc.,* No. 07-CV-11042-DT, 2007 WL 1452909, at *2 (E.D. Mich. May 15, 2007))). Counsel's brief does not address how this policy will be honored absent the retention of local counsel.

Fourth, Counsel argues that his attempts to secure local counsel have been unsuccessful and thus this is a basis to grant his motion. (ECF No. 7, PageID.33–5). Again, this is not the standard for granting a motion for reconsideration. *Dassault Systemes, SA*, 828 F. App'x at 236–37. Under Local Rule 7.1(h)(2), Counsel must show that the Court made a mistake, there was an intervening change in controlling law at the time the prior decision was issued, or new facts have come to light which warrant a different outcome. Plaintiff's argument regarding the difficulty of obtaining local counsel does not satisfy any of the previously mentioned bases for granting a motion for reconsideration. Further, it appears that in other matters where Counsel is listed as attorney of record, he has been able to obtain local counsel. *See Fatima J. v. Commissioner of Soc. Sec.*, No. 1:23-cv-11935; *see Teresa v. Y.*, No. 1:23-cv-10896.

For these reasons, Counsel's Motion for Reconsideration is **DENIED** (ECF No. 7) .

**IT IS SO ORDERED**.

Date: April 3, 2024

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge